# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

DENISE PINKERTON,
individually, and as attorney in fact
for Roger Root

 Plaintiff,

v.           Case No. 5:19-cv-374-Oc-32PRL

BANK OF AMERICA, N.A. and
CURT RADLEIN,

 Defendants.

## **O R D E R**

When can a non-diverse defendant be added after removal to defeat diversity jurisdiction? This case is before the Court on Plaintiffs Denise Pinkerton individually, and as attorney in fact for Roger Root's Motion for Remand. (Doc. 13). Defendant Bank of America, N.A. responded in opposition, (Doc. 16), and Plaintiffs replied, (Doc. 22).

This case was originally filed in state court by Plaintiffs, Florida citizens, alleging two counts against Bank of America—breach of contract and negligence. (Doc. 1-3). Bank of America removed the case to this Court, invoking its diversity jurisdiction. (Doc. 1). Less than a month after removal and five

days after Bank of America answered, Plaintiffs filed a First Amended Complaint, (Doc. 12), and the Motion to Remand, (Doc. 13), on the same day.

The First Amended Complaint's sole purpose is to add an additional defendant and cause of action—misrepresentation against Defendant Curt Radlein, a Florida citizen. (Doc. 12). Although the original complaint includes numerous alleged conversations Pinkerton had with named Bank of America employees, it did not list Radlein. (Doc. 1-3). Plaintiffs argue that Radlein is now properly (not fraudulently) joined because Bank of America cannot prove an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." (Doc. 22 at 2 (quotation marks omitted) (quoting McDonal v. Abbott Labs., 408 F.3d 177, 185 (5th Cir. 2005)). Bank of America argues that the Court should dismiss the claim against Radlein and deny the motion to remand under the balancing test announced in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).

Plaintiffs' reliance on the fraudulent joinder standard is misplaced; that analysis is used when the removing party asserts that a defendant named before removal was fraudulently joined. See Seropian v. Wachovia Bank, N.A., No. 10-80397-CIV, 2010 WL 2822195, at *3 (S.D. Fla. July 16, 2010). Under the fraudulent joinder standard, "the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled

jurisdictional facts to bring the resident defendant into state court." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). But this standard does not apply when a plaintiff seeks to add a non-diverse defendant <u>after</u> removal. See, e.g., Gil v. State Farm Mut. Auto. Ins. Co., No. 9:17-CV-80292, 2017 WL 7796182, at *2 (S.D. Fla. Apr. 24, 2017). Rather, the post-removal standard is established by the removal statute and relevant caselaw.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e) (2018). Although a district court should ordinarily "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a), it must also "scrutinize more closely an amended pleading that would name a new nondiverse defendant in a removed case because justice requires that the district court also balance the defendant's interests in maintaining the federal forum." Dever v. Family Dollar Stores of Ga., LLC, 755 F. App'x 866, 869 (11th Cir. 2018) (citing Hensgens, 833 F.2d at 1182). In Dever, the Eleventh Circuit, in an unpublished opinion, recognized the Hensgens test for determining whether a district court should permit a plaintiff to join a non-diverse defendant after removal. Id.

(acknowledging that the Eleventh Circuit had not previously addressed this issue).[1]

Thus, "a district court should 'consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'" Id. (alterations adopted) (citing Hensgens, 833 F.2d at 1182). The district court must then "balance the equities" and use its discretion in determining whether to allow joinder of the non-diverse defendant post-removal. Id.

Here, balancing the equities shows that the claim against Radlein should be dismissed and the motion to remand denied. See id. First, the claim against Radlein was primarily added to defeat diversity jurisdiction. Pinkerton was

---

[1] Although unpublished Eleventh Circuit opinions are not binding, they can be persuasive. Given that Dever acknowledges the Eleventh Circuit's void in this area of the law, and that district courts throughout the Eleventh Circuit utilize the Hensgens test, the Court will rely on Dever here. See, e.g., Munson v. Insys Therapeutics, Inc., No. 3:18-CV-660-J-32PDB, 2018 WL 8244594, at *3 (M.D. Fla. Nov. 6, 2018) (applying the Hensgens test in determining whether to permit joinder of a non-diverse defendant post-removal); Lawson v. Wal-Mart Stores E., L.P., No. 2:17-CV-1885-VEH, 2018 WL 684839, at *2 (N.D. Ala. Feb. 2, 2018) (recognizing Hensgens was decided pre § 1447(e) but nevertheless applying it to decide whether to permit joinder of a non-diverse defendant post-removal).

provided allegedly false information by several Bank of America employees—some of whom are likely citizens of other states—but only Radlein was added as a defendant. Doc. 12 ¶¶ 12–17 (detailing phone calls to named individuals in Bank of America's fraud department in Texas). The recent decision to allege an individual claim solely against a Florida citizen indicates Plaintiffs' intent to defeat federal jurisdiction.

The second Hensgens factor considers whether Plaintiffs have been dilatory in asking for amendment. Although Plaintiffs filed the First Amended Complaint less than thirty days after removal, nothing suggests they did not know of the claim against Radlein since the case's inception. See Seropian, 2010 WL 2822195, at *4 ("Where there is no apparent reason for waiting to add a defendant until after the case was removed, Plaintiffs are dilatory in naming that defendant."). Plaintiffs' statement that "[a] recently discovered assertion by one of BOA's employees is the basis for Plaintiffs' concern that BOA will have an ultra vires defense to Radlein's assertions" does not support that they have not been dilatory. (Doc. 22 at 3). Recently discovering a potential defense to a claim does not mean Plaintiffs did not know that the cause of action existed previously.

Under the third Hensgens factor, the Court finds that Plaintiffs will not be significantly injured if the claim against Radlein is not permitted. Radlein is certainly not a necessary party, as evidenced by Plaintiffs' failure to name him

in the original complaint. Further, Plaintiffs have not shown they cannot achieve complete relief without naming Radlein.

Though the Court is doubtful that Plaintiffs will bring a separate state court action against Radlein, that Plaintiffs may be required to conduct parallel litigation in separate forums does not mandate joinder and remand. See Munson, 2018 WL 8244594, at *4 ("Although parallel lawsuits may cause Plaintiffs to bear additional costs and time, and do not necessarily serve the interest of judicial economy, . . . having parallel state/federal proceedings is a consequence anytime a post-removal motion to amend to add a non-diverse defendant is denied." (quotation marks omitted) (quoting Houston v Creative Hairdressers, Inc., No. 3:17-CV-421-J-32MCR, 2018 WL 388490, at *2 (M.D. Fla. Jan. 12, 2018))).

Plaintiffs argue that they "may discover additional facts and causes of action that will warrant additional Defendants, any one of which could be non-diverse." (Doc. 22 at 3). However, that Plaintiffs "may" discover causes of actions against non-diverse defendants does not require remand. Rules 19 and 20 have procedures in place to deal with this unlikely scenario. Fed. R. Civ. P. 19 & 20.

The bottom line: If Plaintiffs had wanted to sue Radlein they could have done so in the original state court complaint. The Court is convinced that the primary reason Radlein was added here was to defeat diversity jurisdiction.

Thus, the Court exercises its discretion and denies joinder of Radlein and the motion to remand.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Motion for Remand (Doc. 13) is **DENIED**.

2. Count III in the First Amended Complaint (Doc. 13) for misrepresentation against Defendant Curt Radlein is **DISMISSED without prejudice**. The Clerk shall terminate Mr. Radlein as a party.

3. Not later than **December 18, 2019**, the parties shall file a joint Case Management Report (Doc. 10-1).

4. Not later than **December 18, 2019**, Bank of America, N.A. shall answer the First Amended Complaint.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of November, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies to:

Counsel of record

7